Ex Parte Louis Dennis.

[45 South., 570.]

CRIMINAL LAW AND PROCEDURE. *Bail. Return of sheriff. Harmless error.*

> The granting of bail to one confined awaiting a second trial for crime will not be reversed because the sheriff made no return as to the legality of the confinement, where the body of accused was produced before the chancellor, who had granted bail on accused's application prior to the first trial, and where there was no other evidence in the case, except that which had been heard on the previous application.

FROM the order of HON. G. GARLAND LYELL, chancellor of the fifth district, sitting in vacation for the hearing of a writ of *habeas corpus* at Jackson, Hinds county.

Dennis, having been indicted for the murder of John T. White, arrested and placed in custody, applied for and was granted bail. Subsequently he was tried, convicted, and appealed to the supreme court, where the judgment of the trial court was reversed and the supreme court granted him a new trial. See *Dennis v. State, ante,* 221; s.c., 44 South., 825. Dennis was in jail during the appeal. After the reversal of the judgment by the supreme court he applied to the sheriff for his release under the order of the chancellor, above mentioned, but this application was refused, although he made and tendered a new bond with sufficient sureties. Thereupon this application for bail was made to the chancellor who had decided the previous one. On the hearing, the chancellor, having heard the evidence adduced on the former application, heard no further evidence but granted the application for bail. From the order to that effect the state appealed to the supreme court.

*George Butler,* assistant attorney-general, for appellant.

After the reversal of judgment by this court and remand of

the case, for new trial, Dennis applied to the sheriff for bail, tendering a bond in the requisite amount fixed by the chancellor in the former *habeas corpus* proceedings. This being refused, he presented his application to the chancellor, reciting these facts and denying his guilt, and praying for a writ of *habeas corpus,* and proper order was rendered thereon by the chancellor for a writ of *habeas corpus,* but no writ was ever issued. Nor was there any waiver by the state of this defect in procedure. To acquire competent jurisdiction it was necessary for the writ to be ordered by the chancellor and served upon the sheriff in the manner prescribed by Code 1906, § 2453. A return of the writ was necessary, and without it the chancellor could not take action on the writ. 15 Am. & Eng. Ency. Law (2d ed.), 194; *Lowndes County* v. *Leigh,* 69 Miss., 754; s.c., 13 South., 854.

In the absence of a proper return of the writ, how could the court or chancellor know judicially under what authority relator was detained? If under authority of the federal court, the chancellor would not have had power to order his discharge. The chancellor could not and did not know judicially that the sheriff detained the prisoner on no other charge than for the murder of White.

Granting, however, that the issuance and return of the writ could be legally waived, still the court could not legally make an order releasing relator without the hearing of some evidence. It is recited in the application that the relator had been indicted for a murder, upon a previous writ admitted to bail, subsequently tried and convicted of the murder charge, and that upon appeal the judgment of the trial court based on such conviction had been reversed upon errors of law in the trial and not on questions of fact. It is text book law that if relator is in legal custody to answer an indictment for a capital offense this is *prima facie* evidence that he is not entitled to bail. Church on Habeas Corpus, 404; *Donnell* v. *State,* 48 Miss., 661; 6 Ency. Evidence, 344; *Ex parte Pattison,* 56

Miss., 161; *Ex parte Hamilton,* 65 Miss., 98; s.c., 3 South., 68.

Code 1906, ch. 62, entitled " Habeas Corpus," contemplates a hearing in fact, and, without the reception of evidence, under the facts recited in the application, he was not entitled to bail. *Ex parte Bridewell,* 57 Miss., 39; *Ex parte Cameron,* 100 Ala., 395; *Ex parte Williams,* 114 Ala., 29.

*Williamson, Wells & Peyton,* for appellee.

This court, in passing upon the appeal in the case of *Dennis* v. *State, ante,* adjudicated that the judgment should be reversed and a new trial granted, and also that upon the evidence it was very doubtful whether or not Dennis was guilty of the grave crime of murder.  The bill of exceptions in the record in the present appeal shows that all of the evidence in the case had been heard by the chancellor, and that there was no other evidence which could be submitted for his consideration. The bill of exceptions further shows that upon the application being made for the second writ, the chancellor had before him his former adjudication, made after hearing all the evidence, and also the opinion and order of reversal entered by this court in the cause.

In this state the right to bail has been made the subject of constitutional protection.   Where such constitutional provision exists, bail is a matter of right in all cases not embraced in the exceptions.   *Ex parte Wren,* 30 Miss., 763; *Street* v. *State,* 43 Miss., 1.

Code 1906, § 2466, provides that the judgment rendered on the trial of any writ of *habeas corpus* shall be conclusive until reversed, and, while so in force, shall be a bar to another *habeas corpus* proceeding in the same case or to any other proceedings to bring the same matter again in question.   The petitioner, having heretofore been tried in a writ of *habeas corpus,* at the hearing of which all of the evidence was taken before the chancellor, and having been admitted to bail by the order of the court, and there being no other or further evidence

which could be introduced before the chancellor, he rightfully held that the matter of his right to bail was *res adjudicata,* and that, since the supreme court had also adjudicated that petitioner's guilt of murder was a doubtful question, petitioner was entitled to release from custody upon the execution of a new bond with sufficient sureties conditioned according to law.

Where a conviction has been reversed, the prisoner is probably not entitled to his release by virtue of his former bail bond, but he was entitled to give a new bond, and this was done, hence his bond was valid. *Brewer* v. *State,* 6 Lea (Tenn.), 198; *Hull* v. *Reilly,* 87 Mich., 497.

The bill of exceptions shows that there was no other evidence than had already been heard by the chancellor, and if that statement in the bill of exceptions is true, why should the chancellor be put to the necessity of hearing it all again, and the county be put to the useless expense of the witnesses all being required to attend court to testify what they had already once testified to.

CALHOON, J., delivered the opinion of the court.

Dennis had been indicted for murder, and was in confinement to await trial, when he applied for bail, which was granted. Subsequently he was tried and convicted, and appealed to this court, which reversed the conviction and remanded the case for a new trial. Dennis, being in prison pending the trial and the appeal, made a new application for bail, which the same chancellor who had decided the previous application granted him, and the state appeals from that.

On this last application there was a fiat for the writ; but it seems that the sheriff made no return as to the legality of his confinement. We decline to reverse, because the sheriff did not answer. The object of the fiat was to have the body before the presiding judge. That the body was produced is plain; and as the same chancellor presided who presided before, and as his decree recites that there was no other evidence in the

case, except that which he had previously heard, we see no reason to disturb the result. The chancellor did consider that testimony, which he says was the same testimony, and there is not produced here any bill of exceptions showing what that testimony was. We see no sound reason in requiring an elaborate sitting and hearing over again of the same testimony.

*Affirmed.*